# CHESHIRE,

## JULY TERM, A. D. 1849.

### TUDOR v. SCOVELL.

An award must embrace all the matters specifically included in the submission.

Where the submission requires the award to be in writing, and there is a written award as to part, and a parol award as to the remainder of the matters submitted, the awards are insufficient.

ASSUMPSIT, on an award. The parties had, on the 9th day of March, 1847, appointed and empowered Aaron P. Howland and George Bundy to adjust all matters in dispute between them, relative to the division of the crops and stock of the farm owned by the plaintiff, and occupied by the defendant, and agreed to abide the award of said arbitrators, and of any umpire appointed by them, so that the award be made in writing, and ready to be delivered to the parties on or before the first day of May next. "It being understood that the division of the stock may be made at any time without reference to the other matters in question between the parties."

On the 22d day of April, 1847, the arbitrators made their award in writing, as follows :

"We, the subscribers, arbitrators between Henry S. Tudor and Frederick U. Scovell, in relation to the division of the crops raised on said Tudor's Weir farm, so called, by said Scovell, from the year 1842 to April 1, 1847, having duly notified, and both met, and heard the parties, their allegations and evidence, at Walpole, on the 21st and

22d days of April, 1847, and duly considered the same, do award that said Tudor recover of said Scovell the sum of two hundred and seventy-nine dollars and eighty-three cents damages, and costs of arbitration, taxed at forty-five dollars and thirty-three cents.

Walpole, April 22, 1847.

A. P. Howland, ⎱ :Arbitrators."
George Bundy, ⎰

It appeared, also, that the stock named in the submission had been divided by the referees, and an award in common form made by them, prior to the one upon which this suit was instituted.

The plaintiff's declaration set forth that there had been certain differences between the parties concerning the division of the crops and stock of the farm, &c.; that, "for putting an end to said differences," the parties had submitted themselves to the award of Aaron P. Howland and George Bundy, &c., who on, &c., "made their certain award between the parties aforesaid, of and concerning said differences," &c.

The defendant objected at the trial that the award did not prove the declaration, and that it did not follow the submission. But the court overruled the objections, and a verdict was returned for the plaintiff, which the defendant, for the supposed error in ruling, moved to set aside. And the questions arising upon that motion were assigned and transferred to the Superior Court.

*Lane,* for the defendant.

*Vose,* for the plaintiff.

Gilchrist, C. J. The plaintiff, Tudor, owned a farm upon which the defendant lived, and on the 9th day of March, 1847, those parties appointed and empowered Aaron P. Howland and George Bundy to adjust all mat-

Tudor *v.* Scovell.

ters in dispute between them, relative to the division of the crops and stock of the farm, agreeably to the provisions of the lease. And the parties agreed together to abide and perform the award of the arbitrators, "so that," which means provided that, " said award be made in writing, and ready to be delivered to the parties on or before the first day of May next."

This clause, copied from the submission, clearly points out one of the conditions necessary to give effect and validity to the contemplated award. It is that it shall be in writing, and made before the day mentioned.

Another condition is one which is not distinctly expressed in the submission, but which as clearly results, by legal inference, as if it had been inserted in the most careful phrase. It is that the award shall embrace all the matters of dispute submitted, or, in other words, shall follow the terms of the submission; so that the parties may have accomplished all the substantial purposes they may be supposed to have had in entering upon the reference; that they may have an end put to the controversies between themselves, and have adjusted the mutual claims and possible liabilities, by which their dealings had become embarrassed. Such an object wholly fails to be secured by an award embracing only a part of the matters of difference between the parties, and which leaves the remainder to keep them at variance, as before. Caldwell on Arbitration 103; *Whittemore* v. *Whittemore,* 2 N. H. 26.

Of the two subjects of difference submitted by the parties to the arbitration, in this case, the award embraces one only. It relates to the division of the crops, but not to the stock of the farm. But it is said that another provision which the submission contained accounts for this omission, and renders the award sound, notwithstanding.

The submission provided that the division of the stock might " be made at any time, without reference to the other matters in question between the parties." And it

appears by the case that the stock was in fact divided, and an award in common form, by which we are to understand a parol award, made prior to the one upon which the suit was instituted.

The fair construction of this clause appears to us to be, that the division of the stock might be awarded and carried into execution at any time prior to making up the final award; but not that part of the award might be omitted from the written act, which was intended to be a final and distinct settlement, to which either party might afterwards refer to as a permanent record. The case does not show that the parties themselves put a different construction upon the clause, or ever intended to waive the written award for which they had stipulated respecting each branch of the subjects submitted. It only shows that a parol award had been made, where a written award had been required, on the subject of the division of the stock.

We think, therefore, that the award in this case was not consonant with the submission, inasmuch as it wholly omitted one specific matter contained in the submission. The verdict must in consequence be set aside, and a

*New trial granted.*